## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 15 2017, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jaylen Bolden,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 15, 2017<br><br>Court of Appeals Case No.<br>34A02-1707-CR-1601<br><br>Appeal from the Howard Circuit Court<br><br>The Honorable Lynn Murray, Judge<br><br>Trial Court Cause No.<br>34C01-1609-F1-217 |

**Altice, Judge.**

## Case Summary

[1] Jaylen Bolden pled guilty to rape as a Level 1 felony and was subsequently sentenced to forty years, with thirty years executed and ten years suspended to supervised probation. On appeal, Bolden argues that his sentence is inappropriate.

[2] We affirm.

## Facts & Procedural History

[3] On May 12, 2016, Bolden engaged in a series of burglaries. During one of the burglaries, sixteen-year-old K.P. was home alone. K.P. went to bed around 2:00 a.m. and was awakened around 4:02 a.m. when her bedroom door opened. K.P. saw an individual, later identified as Bolden through DNA evidence, wearing a black hooded sweatshirt, black sweatpants, and a ski mask. Bolden pointed a silver handgun at K.P. and ordered her to give him money. K.P. responded that she did not have any money. Bolden then order K.P. to "get down" and "suck him." *Appellant's Appendix Vol. 2* at 34. K.P. refused, but Bolden then put the gun to her forehead and threatened to shoot her if she did not "suck him." *Id*.

[4] K.P. began performing oral sex on Bolden and, after a short time, Bolden ordered her to remove her pants and lie on the bed. Bolden then approached her and again pointed the handgun at her, telling her he would shoot her. Bolden inserted the barrel of the gun into K.P.'s vagina. K.P. told Bolden that she had never had sex before, but Bolden continued the assault and penetrated K.P.'s vagina with his penis. Bolden also fondled and placed his mouth on one

of K.P.'s breasts.  After a couple of minutes, Bolden dropped his gun.  He got off of K.P. to search for his gun.  After he found his gun, he left the room and looked through the other bedrooms.  Bolden eventually left to continue his crime spree, and K.P. got dressed.  K.P. was crying the entire time and was surprised the neighbors did not hear her screams.  Bolden was arrested that same day during another burglary.

[5]  On April 27, 2017, Bolden entered into a plea agreement with the State, pursuant to which Bolden agreed to plead guilty to rape as a Level 1 felony and the State agreed to a cap on executed time of thirty years and to dismiss other pending charges, both in this cause and in four other causes.  A sentencing hearing was held on July 5, 2017, at the conclusion of which the trial court sentenced Bolden to forty years, with thirty years executed and ten years to be served on supervised probation.  Bolden now appeals.  Additional facts will be provided as necessary.

## Discussion & Decision

[6]  Bolden argues that his sentence is inappropriate.  Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences.  *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015).  Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task.  *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).  Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the

sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Bolden bears the burden on appeal of persuading us that his sentence is inappropriate. *See id*.

[7] Bolden acknowledges that there is no way to minimize his rape of a sixteen-year-old girl, that he has a history of substance abuse, and that he has a problem with authority. Bolden argues, however, that "there is nothing to be learned in thirty (30) years' incarceration that cannot be learned in twenty (20) years' incarceration." *Appellant's Brief* at 8. Bolden has wholly failed to meet his burden of persuading us that his sentence is inappropriate.

[8] Judgment affirmed.

May, J. and Vaidik, C. J., concur.